# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 18-9441 PA (SS) | Date: November 15, 2018 |
| | Page 1 of 5 |

Title: Manuel Antonio Gonzalez, III v. Warden of R.J. Donovan Corr. Facility

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE AND THAT PETITIONER BE DECLARED A VEXATIOUS LITIGANT**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

Effective October 30, 2018,[1] Manuel Antonio Gonzalez, III, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction and resulting sentence for attempted murder and assault with a deadly weapon in Los Angeles County Superior Court case no. TA059902 ("2001 conviction"). (Dkt. No. 1). However,

---

[1] "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing[,]" Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 276 (1988), which in this case occurred on October 30, 2018. (See Proof of Service by United States Mail attached to Dkt. No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    CV 18-9441 PA (SS) | Date: November 15, 2018 |
| | Page 2 of 5 |

Title:     Manuel Antonio Gonzalez, III v. Warden of R.J. Donovan Corr. Facility

Petitioner has previously filed multiple habeas corpus petitions in this Court challenging his 2001 conviction.

Petitioner initially filed a habeas corpus petition challenging his 2001 conviction in case no. CV 04-5231 PA (SS) ("Gonzalez I"), and the District Court denied the petition and dismissed the action with prejudice on May 17, 2007. Petitioner thereafter filed three more habeas corpus petitions challenging his 2001 conviction – case nos. CV 08-5907 PA (SS) ("Gonzalez II"), CV 10-3507 PA (SS) ("Gonzalez III"), and CV 14-0107 PA (SS) ("Gonzalez IV") – and the District Court denied these petitions and dismissed the actions as unauthorized second or successive petitions on February 25, 2009, June 29, 2010, and July 26, 2014.

The Antiterrorism and Effective Death Penalty Act of 1996 "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,]" Magwood v. Patterson, 561 U.S. 320, 330-31 (2010); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244(b)(2)." Burton, 549 U.S. at 153. "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations omitted); see also Magwood, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). "A petitioner's failure to seek authorization from the appropriate appellate court before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 18-9441 PA (SS)                           Date: November 15, 2018
                                                         Page 3 of 5

Title:      Manuel Antonio Gonzalez, III v. Warden of R.J. Donovan Corr. Facility

filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016), cert. denied, 137 S. Ct. 2213 (2017).

The pending Petition appears to be second or successive because Petitioner previously challenged his 2001 conviction and resulting sentence in Gonzalez I, which was denied on the merits (as well as in Gonzalez II-IV, which were denied as second or successive petitions). Burton, 549 U.S. at 153; McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). Moreover, while Petitioner asserts his "actual innocence" (Petition at 5-6, 14-21),[2] such allegations do not allow him to bypass Section 2244(b)'s requirements. Gage v. Chappell, 793 F.3d 1159, 1169 (9th Cir. 2015).[3]

---

[2] For ease of reference, the Court cites to the Petition as it is paginated on the Court's electronic docket. (See Dkt. No 1).

[3] Although it "does not abrogate" Section 2244(b), Gage, 793 F.3d at 1169, actual innocence may serve as a gateway through which a habeas petitioner can overcome a procedural default which would otherwise bar consideration of the merits of other claims if he can "establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Petitioner attempts to invoke this "gateway" to support his Petition. (See, e.g., Petition at 5-6). Setting aside issues such as exactly what claim or claims Petitioner is attempting to pass through the "gateway," the Court observes that "tenable actual-innocence gateway pleas are rare[.]" Perkins, 569 U.S. at 386; Stewart v. Cate, 757 F.3d 929, 938 (9th Cir. 2014). To make a credible actual innocence claim, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324; House, 547 U.S. at 537. Here the only new evidence Petitioner cites is the victim's purported recantation "declaration." (See Petition, Exh. A). However, among other defects, the "declaration" is unsigned, which violates 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 18-9441 PA (SS)                    Date: November 15, 2018
                                                    Page 4 of 5

Title:    Manuel Antonio Gonzalez, III v. Warden of R.J. Donovan Corr. Facility

Petitioner therefore is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as a second or successive petition.

Furthermore, in Gonzalez IV, Petitioner was "expressly warned that if he files any additional successive habeas petitions in this Court challenging his 2001 conviction and sentence without first obtaining the requisite permission from the Ninth Circuit, the Court may impose sanctions on Petitioner or recommend that he be deemed a vexatious litigant." (Gonzalez IV Dkt. No. 17 at 10). Accordingly, Petitioner is also **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend that Petitioner be declared a vexatious litigant for his repeated, frivolous challenges to his 2001 conviction.

Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason the instant Petition is not barred as a second or successive petition as well as by explaining why the Court should not declare him a vexatious litigant. After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

---

1746. See Quinones v. UnitedHealth Group Inc., 250 F. Supp. 3d 692, 697 n.7 (D. Haw. 2017) ("An unsigned declaration violates . . . 28 U.S.C. § 1746); Meadows v. Biter, 980 F. Supp. 2d 1148, 1153 (C.D. Cal. 2013) (court looks "askance" at exculpatory statements that are not made under oath or signed under penalty of perjury); Iniguez v. Davis, 2015 WL 4776934, *6 (C.D. Cal.) (unsigned statement was "not a proper declaration and not competent or reliable evidence"), report and recommendation accepted by, 2015 WL 4873544 (C.D. Cal. 2015). Moreover, although it is not necessary to address the issue at this point, the Court notes that Petitioner has attached to his Petition a Superior Court order finding the exculpatory "declaration" to be fraudulent. (See Petition, Exh. F).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 18-9441 PA (SS) | Date:  November 15, 2018 |
| | Page 5 of 5 |

Title:   Manuel Antonio Gonzalez, III v. Warden of R.J. Donovan Corr. Facility

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.**

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.